**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MARGARET NISIVOCCIA**<br><br>**Plaintiff,**<br><br>v.<br><br>**NATIONAL RAILROAD PASSENGER CORPORATION d/b/a AMTRAK and JOHN DOES 1-10**<br><br>**Defendants.** | **Civil Action No.: 2:20-cv-15586**<br><br><br>**Answer to Complaint** |

Defendant National Railroad Passenger Corporation d/b/a Amtrak ("Amtrak"), by way of Answer to Plaintiff's Complaint, says:

**FIRST COUNT**

1.      Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1.

2.      Amtrak lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2.

3.      Amtrak denies the allegations contained in Paragraph 3.

4.      Amtrak denies the allegations contained in Paragraph 4.

**WHEREFORE** Amtrak demands judgment against Plaintiff dismissing the Complaint and awarding its costs of suit, attorneys' fees, and other such relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES**

By way of further response to the entirety of Plaintiff's Complaint, Amtrak sets forth the following affirmative defenses:

4850-2659-7584v.1

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Any damages, losses, or injuries Plaintiff sustained were caused by the acts and/or omissions of persons or entities other than Amtrak over whom Amtrak exercised no control.

## THIRD AFFIRMATIVE DEFENSE

Any claims that Plaintiff may have against Amtrak are barred, or alternatively, must be reduced by virtue of the doctrines of comparative negligence and/or comparative negligence and/or contributory negligence and the Comparative Negligence Act, N.J.S.A. 2A:15-5.1 et seq.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate her damages.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's Complaint is barred in whole or in part by the applicable statute of limitations.

## SIXTH AFFIRMATIVE DEFENSE

Any injuries, damages, or losses Plaintiff suffered were caused solely by her own negligence and not by any negligence on Amtrak's part.

## SEVENTH AFFIRMATIVE DEFENSE

The Complaint is barred in whole or in part by the entire controversy doctrine.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has waived her right to pursue this action by execution of a voluntary and knowing release.

## NINTH AFFIRMATIVE DEFENSE

Relief is barred by virtue of the doctrine of estoppel, waiver, or release.

4850-2659-7584v.1

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's damages must be reduced by the collateral-source rule.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant asserts all relevant statutory defenses and immunities.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be reduced pursuant to the Patient Protection and
Affordable Care Act, 42 U.S.C § 18001, et seq.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, preempted, and/or precluded by federal law.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, losses, and damages were the result of natural processes and/or
preexisting conditions and would have occurred just as they did irrespective of Amtrak's conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to join indispensable parties to this action.

## SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff's cause of action is barred by the doctrines of issue preclusion, res judicata, and
judicial estoppel.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's alleged injuries, losses, and damages were due to, and proximately caused by,
a pre-existing, intervening, or superseding injury, illness, condition, or other cause.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant reserves all rights to add additional affirmative defenses that may be ascertained
in the course of discovery in this action.

4850-2659-7584v.1

**WHEREFORE** Amtrak demands judgment against Plaintiff dismissing the Complaint and awarding its costs of suit, attorneys' fees, and other such relief as the Court deems just and proper.

<u>**DEMAND FOR STATEMENT OF DAMAGES**</u>

Defendant requires Plaintiff to furnish a statement of the amount of damages claimed within ten (10) days of the date hereof, pursuant to Local Rule 8.1.

<u>**JURY DEMAND**</u>

Defendant hereby demands a trial by jury of all issues so triable.

**LANDMAN CORSI BALLAINE & FORD P.C.**
One Gateway Center, Fourth Floor
Newark, New Jersey 07102
(973) 623-2700
Attorneys for Defendant National Railroad
Passenger Corporation d/b/a Amtrak

By:       *Andrew B. Charkow /s/*
          Andrew B. Charkow, Esq.

November 9, 2020

-4-

4850-2659-7584v.1

<u>**CERTIFICATION PURSUANT TO RULE 11.2**</u>

       I hereby certify that the matter in controversy in the above-captioned action is not now known to me to be the subject of any action pending in any court or of a pending arbitration proceeding.

 

**LANDMAN CORSI BALLAINE & FORD P.C.**
One Gateway Center, Fourth Floor
Newark, New Jersey 07102
(973) 623-2700
Attorneys for Defendant National Railroad
Passenger Corporation d/b/a Amtrak

By:      *Andrew B. Charkow /s/*
         Andrew B. Charkow, Esq.

November 9, 2020

4850-2659-7584v.1

## CERTIFICATION OF SERVICE

I, Andrew Charkow, represent Defendant National Railroad Passenger Corporation d/b/a Amtrak in the above-captioned matter. On November 9, 2020, I sent a copy of the Answer to Plaintiff's Complaint via ECF, email, and regular mail to:

> Martin F. Kronberg, Esq.
> Law Offices of Martin F. Kronberg
> 2414 Morris Avenue
> Union, NJ 07083

Date:  November 9, 2020          By:        *Andrew B. Charkow /s/*
                                             Andrew B. Charkow, Esq.

4850-2659-7584v.1